104 F.3d 357
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Janice M. MORSE, Defendant-Appellant.
 No. 96-1313.
United States Court of Appeals, Second Circuit.
 Dec. 12, 1996.
 
 1
 Appearing for Appellant: James M. Kerrigan, Ithaca, New York.
 
 
 2
 Appearing for Appellee: Gary L. Sharpe, Assistant United States Attorney, Northern District of New York, Binghamton, New York.
 
 
 3
 Before WALKER, Circuit Judges and WEXLER, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was argued.
 
 
 5
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 6
 Janice Morse appeals from a sentence imposed by Judge McAvoy following her guilty plea to filing a false claim for a tax refund, in violation of 18 U.S.C. § 287. Morse was sentenced to 21 months' imprisonment to be followed by three years of supervised release, a special assessment of $50, and restitution of $14,156.93 to the Internal Revenue Service.
 
 
 7
 Morse argues on appeal that the district court erred in denying her application under the Criminal Justice Act ("CJA") to pay for expert witness assistance at sentencing. 18 U.S.C. § 3006A(e). Morse, a single mother, wanted a psychologist to attest to the special needs of her four children and to the impact of her incarceration on them. The psychologist's evaluation and testimony would, it is argued, have supported Morse's request for a downward departure from the applicable sentencing range under the U.S. Sentencing Guidelines, based on extraordinary family circumstances. See United States v. Johnson, 964 F.2d 124 (2d Cir.1992). The district court denied the request for CJA funds and for a downward departure. Chief Judge McAvoy then sentenced Morse to the minimum end of the applicable sentencing range determined under the guidelines.
 
 
 8
 Morse argues that the district court's denial of expert assistance under the CJA, 18 U.S.C. § 3006A(e), warrants a remand for resentencing. We disagree. We held in United States v. Durant, 545 F.2d 823, 827 (2d Cir.1976), that district courts should permit indigent defendants to retain experts under Section 3006A(e) in instances where it is "reasonably necessary" to "an adequate defense." In United States v. Sanchez, 912 F.2d 18, 22 (2d Cir.1990), we upheld a district court's denial of Section 3006A(e) expenditures under an abuse of discretion standard but also noted that the need for CJA expenditures is "heightened when the request relates to 'pivotal' evidence." (quoting Durant, 545 F.2d at 828).
 
 
 9
 There was no abuse of discretion in the instant matter. Chief Judge McAvoy was aware of the needs of Morse's children. The pivotal issue with regard to "family circumstances" was not the children's needs, but rather Morse's ability to care for them. Chief Judge McAvoy stated that he was relying on the presentence investigation report, which described a history of neglect by Morse of her children's needs. He also noted that the defendant's recidivism was an important factor weighing against a decision to depart. Based on the present record, we believe that the requested psychological evaluation could not have altered the disposition of any issue in the sentencing decision.
 
 
 10
 We therefore affirm.
 
 
 
 *
 The Honorable Leonard D. Wexler of the United States District Court for the Eastern District of New York, sitting by designation